**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **AUDI OF AMERICA, LLC, AUTOMOBILI LAMBORGHINI AMERICA, LLC,** and **VOLKSWAGEN GROUP OF AMERICA, INC**,<br><br>Plaintiffs,<br><br>v.<br><br>**EVERBRIGHT TRADING, INC.** and **LISEN PAN**, an individual,<br><br>Defendants. | Civil Action No.<br><br>Honorable: |
| Gregory D. Phillips (P80801)<br>PCFB LAW<br>4001 South 700 East, Suite 500<br>Salt Lake City, Utah 84107<br>Tel: (801) 935-4933<br>Email: gdp@pcfblaw.com<br>*Attorneys for Plaintiff* | |

**COMPLAINT FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADE DRESS INFRINGEMENT, AND AND TRADEMARK DILUTION**

Plaintiffs Audi of America, LLC ("AoA"), Automobili Lamborghini America, LLC ("Lamborghini America"), and Volkswagen Group of America, Inc. ("VWGoA") ("Plaintiffs") for their complaint against defendants Everbright

Trading, Inc., and Lisen Pan (collectively "Defendants") alleges as follows:

## SUBSTANCE OF THE ACTION

1. Plaintiffs AoA, Lamborghini America, and VWGoA are charged and tasked with enforcing the trademarks and trade dress owned by Audi AG, Automobili Lamborghini S.p.A., and Volkswagen AG, (collectively the "VW Group" and the "Audi, Lamborghini, and Volkswagen Marks") in the United States. This suit arises from Defendants' unauthorized misappropriation and counterfeiting of the VW Group's distinctive and world-famous trademarks and trade dress. Defendants feature the Audi, Lamborghini, and Volkswagen Marks in their advertisements, on their website, and on the counterfeit Audi, Lamborghini, and Volkswagen scale model vehicles and toy cars they manufacture, and/or import and sell in the United States to convey the false impression that Defendants are associated or affiliated with the VW Group.

2. Some examples of the counterfeit Audi, Lamborghini, and Volkswagen scale model vehicles and toy cars are found at Defendants' website at https://everbright.catalog.to/s/everbright-trading-inc/diecast/9qa and are depicted below:

everbright.catalog.to/s/gallery/everbright-trading-inc/diecast/9qa/product/-Nl-He-P9vYTzj56lpOv

Everbright Trading Inc




Price : $14

MOQ: 8

DC24372

SKU : 670533815282

ADD TO CART

8' 1:24 DIE-CAST CAR W/ LIGHT&SOUND 4DIS(8)/CS

everbright.catalog.to/s/gallery/everbright-trading-inc/diecast/9qa/product/-ObE8ot4dWRulaWPQ9Rz

Everbright Trading Inc




Price : $12.50

MOQ: 8

CZ177A

SKU : 739113789204

ADD TO CART

1:24 DIECAST CAR WITH LIGHT&SOUND 6DIS(8)/CS




3. Other examples of counterfeit Lamborghini scale model vehicles and toy cars recently offered for sale by Defendants and/or purchased by Plaintiffs are depicted below:




PERTAMINA
Fastron


PERTAMINA
Fastron




4. This is an action for trademark counterfeiting, infringement, and dilution of the VW Group's federally-registered trademarks and Plaintiff's trade dress, false designation of origin, and for related claims. Defendants operate a counterfeiting ring that imports, promotes, advertises, distributes, and/or sells counterfeit Audi, Lamborghini, and Volkswagen scale model vehicles and toy cars and other products bearing counterfeits of the world-famous Audi, Lamborghini, and Volkswagen Marks

5. Plaintiffs allege claims for federal trademark counterfeiting and infringement, false designation of origin or sponsorship, trade dress infringement, and federal trademark dilution under Sections 32(1), 43(c), and 43(a) of the United

States Trademark Act of 1946, as amended by the Trademark Counterfeiting Act of 1984 (15 U.S.C § 1116(d)), 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), (the "Lanham Act"). Plaintiffs seek preliminary and permanent injunctions enjoining Defendants from using the Audi, Lamborghini, and Volkswagen Marks, and counterfeits thereof, and an order requiring Defendants to deliver all counterfeit and infringing goods and the means for manufacturing them for destruction, identifying information for the suppliers or manufacturers of said counterfeit goods, an equitable accounting, an equitable disgorgement of all revenues and/or profits wrongfully obtained, statutory damages, exemplary damages, as well as attorneys' fees and costs.

## THE PARTIES

6. Plaintiff Audi of America, LLC ("AoA") is a Delaware limited liability company with a principal place of business in Auburn Hills, Michigan. Plaintiff AoA is responsible for marketing and selling cars in the United States manufactured by Audi AG, and is charged and tasked with enforcing the trademarks owned by Audi AG in the United States.

7. Plaintiff Automobili Lamborghini America, LLC ("Lamborghini America") is a Delaware limited liability company with a principal place of business in Reston, Virginia. Plaintiff Lamborghini America is the exclusive licensee and exclusive importer of cars in the United States manufactured by

Automobili Lamborghini S.p.A., and is charged and tasked with enforcing the trademarks owned by Audi AG in the United States.

8. Plaintiff Volkswagen Group of America, Inc. ("VWGoA") is a New Jersey corporation with a principal place of business in Auburn Hills, Michigan. Plaintiff VWGoA is the exclusive importer of cars in the United States manufactured by Volkswagen AG, and is charged and tasked with enforcing the trademarks owned by Volkswagen AG in the United States.

9. Defendant Everbright Trading, Inc. is a New York corporation with its principal place of business at 1177B Flushing Ave, Brooklyn, New York 11237.

10. Defendant Lisen Pan is an individual and principal of defendant Everbright Trading, Inc. and is a moving, conscious, and active force behind the infringing acts, and actively participated in and approved the acts of infringement. Plaintiffs are informed and believe that defendant Lisen Pan resides in or near Brooklyn, New York.

11. Plaintiffs are informed and believe, and therefore allege, that each Defendant was the agent, employee, partner, and/or joint venturer of each of the other Defendant, and in committing the acts alleged herein, was acting within the course and scope of that relationship and with permission and consent of the other Defendant, and they have acted in concert with each other in connection with the allegations herein.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to:

(a) The International Convention for the Protection of Industrial Property, 13 U.S. Treaties and Other International Agreements (1962), implemented by Sections 39 and 44 of the Lanham Act, 15 U.S.C. §§ 1121 and 1126, and by the Judicial Code, 28 U.S.C. § 1331;

(b) Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

(c) Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods;

(d) Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use of false designations of origin and/or sponsorship tending falsely to describe or designate the source, and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress infringement and dilution;

(e) Sections 43(c) of the Lanham Act, 15 U.S.C., §§1125(c), relating to dilution;

(f) The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition "joined with a substantial and related claim under the ... trademark laws;" and

(g) The Judicial Code, 28 U.S.C. § 1331, relating to federal question jurisdiction.

13. Defendants are subject to personal jurisdiction in this district inasmuch as this action arises out of wrongful acts committed by Defendants in this district that subject Defendants to personal jurisdiction here, and because Defendants' unlawful conduct causes harm and injury to Plaintiffs in this District. Moreover, Defendants operate interactive websites whereby Defendants market, sell, furnish, and support their counterfeit products throughout the United States, including in the State of Michigan.

14. Venue is proper under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### *Plaintiff's Trademark Rights*

15. Audi AG, Automobili Lamborghini S.p.A., and Volkswagen AG own some of the most famous and iconic trademarks in the world, including but not limited to, the registered United States Trademarks set forth in Exhibit A hereto. These registrations include Classification 028 for toy cars.

16. The Audi, Lamborghini, and Volkswagen vehicles are also well known by virtue of their inherently distinctive, non-functional, and world-famous vehicle body shapes and appearance. The non-functional and inherently distinctive design and shape of the Audi, Lamborghini, and Volkswagen vehicles are immediately identifiable and associated by the general public and have thus acquired secondary meaning. These inherently distinctive body shapes and the appearance of Audi, Lamborghini, and Volkswagen vehicles (*i.e.,* trade dress) also function as trademarks. The registered Audi, Lamborghini, and Volkswagen Trademarks. and the trade dress of Audi, Lamborghini, and Volkswagen Trademarks are hereinafter referred to as the "Audi, Lamborghini, and Volkswagen Marks."

17. Plaintiffs and their represented brands have spent hundreds of millions of dollars and have expended significant effort in advertising, promoting, and developing their trademarks. As a result of such advertising and expenditures, the Audi, Lamborghini, and Volkswagen Marks have become widely known and recognized throughout the world as symbols of high-quality automotive goods and services that are made by Audi, Lamborghini, and Volkswagen. The Audi, Lamborghini, and Volkswagen Marks are invaluable assets of substantial and inestimable worth to the VW Group.

***Defendants' Violations of the Audi, Lamborghini, and Volkswagen Marks***

18. Long after the Audi, Lamborghini, and Volkswagen Marks had attained renown and fame, and without Plaintiffs' consent, Defendants began selling counterfeit Audi, Lamborghini, and Volkswagen scale model vehicles and toy cars and other products bearing counterfeits of the Audi, Lamborghini, and Volkswagen Marks. As illustrated by the images above where the Lamborghini BULL RUN LOGO trademarks (U.S. Registration Nos. 1,375,514 and 7,804,938), the Volkswagen BUG Design trademark (U.S. Registration No. 3,038,741), and the Audi FOUR RINGS LOGO (U.S. Registration No. 3,007,305) are being infringed, and the trade dress of Audi, Lamborghini, and Volkswagen vehicles is being misappropriated, Defendants have imported, manufactured, advertised, and/or sold counterfeit Audi, Lamborghini, and Volkswagen scale model vehicles and toy cars that incorporate counterfeits, copies, and/or colorable imitations of the Audi, Lamborghini, and Volkswagen Marks on identical goods sold by Plaintiffs under those marks.

19. Defendants' counterfeiting and infringement of the Audi, Lamborghini, and Volkswagen Marks are knowing and willful. Plaintiffs have sent a Cease and Desist letter which Defendants have ignored. A true and correct copy of the Cease and Desist letter is attached hereto as Exhibit B.

20. Defendants responded to the Cease and Desist letter and represented that Defendants had ceased and desisted from their counterfeiting. A copy of Defendants' response is attached hereto as Exhibit C.

21. In fact, Defendants have not ceased and desisted as promised as evidenced by the invoice dated August 24, 2026 and attached hereto as Exhibit D.

22. Defendants have no affiliation with Plaintiffs of any kind and have not been authorized to identify their counterfeit goods as Plaintiffs' products or to use or replicate the Audi, Lamborghini, and Volkswagen Marks on their products.

23. Defendants' misappropriation of the Audi, Lamborghini, and Volkswagen Marks in combination with the manufacture, importation, advertisement, and sale of their unauthorized products bearing the Audi, Lamborghini, and Volkswagen Marks are likely to cause potential purchasers of Defendants' products, as well as the public at large, to believe that Defendants' products are manufactured, licensed, or sponsored by Plaintiffs.

24. Defendants' unauthorized misappropriation of the Audi, Lamborghini, and Volkswagen Marks is also likely to dilute, blur the distinctiveness of, and tarnish the Audi, Lamborghini, and Volkswagen Marks.

***Plaintiffs Are Being Irreparably Harmed***

25. Defendants continue to use the Audi, Lamborghini, and Volkswagen Marks, and/or intentionally confusingly similar versions thereof, with actual

knowledge of Plaintiffs' prior adoption and use of the Audi, Lamborghini, and Volkswagen Marks. Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general. In so doing, Defendants have caused irreparable damage to the Audi, Lamborghini, and Volkswagen Marks and to the goodwill and reputation of Plaintiffs.

26. Plaintiffs exercise great care and exert substantial effort to control the nature and quality of the genuine goods and services offered under the Audi, Lamborghini, and Volkswagen Marks.

27. Defendants are not subject to the exacting quality control specifications and supervision of Plaintiffs, and do not pay royalties to Plaintiffs.

28. Plaintiffs are particularly concerned about the safety and quality of Defendants' products. Defendant Everbright Trading Inc. is the subject of a Consent Decree and Judgment entered in the Eastern District of New York banning the importation of dangerous children's toys and products. A copy of the Department Of Justice's Press Release is attached hereto as Exhibit E and the Consent Decree and Judgment is attached hereto as Exhibit F.

29. As a direct result of Defendants' actions, Plaintiffs are not able to exercise any quality control over Defendants' non-genuine goods bearing counterfeits of the Audi, Lamborghini, and Volkswagen Marks, and if the goods are shoddy or the unauthorized manufacturer makes shoddy goods in the future, the

public will come to believe that Plaintiffs no longer maintain high standards for their exemplary products, and therefore the reputation and goodwill of Plaintiffs will be harmed.

30. Based on experience, Plaintiffs are informed and believe that unless this Court enters a preliminary and permanent injunction in this case, Defendants will continue to sell counterfeit goods bearing the Audi, Lamborghini, and Volkswagen Marks and will destroy all evidence relating to the manufacture, importation, advertisement, and sale of the counterfeit goods, and disclaim any knowledge of the persons from whom they bought and to whom they sold such counterfeit goods.

31. As such, Defendants' unlawful conduct constitutes an ongoing irreparable harm to Plaintiffs and the Audi, Lamborghini, and Volkswagen Marks that will only cease if Defendants are enjoined.

## FIRST CLAIM FOR RELIEF
(FEDERAL TRADEMARK COUNTERFEITING
AND INFRINGEMENT UNDER 15 U.S.C. § 1114)

32. Plaintiffs reallege and incorporate herein the allegations above.

33. Despite the VW Group's well-known prior rights in the Audi, Lamborghini, and Volkswagen Marks, Defendants have used and continue to use, without Plaintiffs' authorization, the Audi, Lamborghini, and Volkswagen Marks,

or confusingly similar variations and imitations thereof, in connection with the advertisement, promotion, and sale of Defendants' counterfeit products.

34. Defendants' misappropriation of the Audi, Lamborghini, and Volkswagen Marks is likely to cause consumer confusion as to whether Plaintiffs endorse, sponsor, or license Defendants' products, or as to whether Defendants are somehow affiliated with Plaintiffs.

35. Defendants' actions constitute trademark counterfeiting and willful infringement of Plaintiffs' exclusive rights in the Audi, Lamborghini, and Volkswagen Marks in violation of 15 U.S.C. § 1114.

36. Defendants' misappropriation of the Audi, Lamborghini, and Volkswagen Marks, or confusingly similar variations thereof, has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers regarding the source and/or sponsorship of Defendants' products. Defendants have used counterfeits of the Audi, Lamborghini, and Volkswagen Marks in connection with their products with the knowledge that the marks are counterfeits and with the intent to use counterfeits. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

37. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable, distinctive and world-famous Audi, Lamborghini, and Volkswagen Marks. Unless Defendants are restrained from

further infringement of the Audi, Lamborghini, and Volkswagen Marks, Plaintiffs will continue to be irreparably harmed.

38. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi, Lamborghini, and Volkswagen Marks pursuant to 15 U.S.C. § 1117. Alternatively, Plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## SECOND CLAIM FOR RELIEF
(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a))

40. Plaintiffs reallege and incorporate herein the allegations above.

41. Defendants have knowingly used the Audi, Lamborghini, and Volkswagen Marks, or confusingly similar variations thereof, in connection with the products that Defendants manufacture, import, advertise, promote, and/or sell.

Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

42. Defendants' misappropriation of the Audi, Lamborghini, and Volkswagen Marks is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs or that Defendants are in some way affiliated with Plaintiffs.

43. Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

44. Because of Defendants' actions, Plaintiffs have suffered irreparable harm to the Audi, Lamborghini, and Volkswagen Marks. Unless Defendants are enjoined from their actions, Plaintiffs will continue to be irreparably harmed.

45. Plaintiffs have no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

46. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs are entitled to the equitable remedy of a preliminary injunction, a permanent injunction, an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi, Lamborghini, and Volkswagen Marks pursuant to 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**
(TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a))

47. Plaintiff reallege and incorporate herein the allegations above.

48. The non-functional shape and images of Audi, Lamborghini, and Volkswagen vehicles have become famous and distinctive worldwide through Audi's, Lamborghini's, and Volkswagen's and their predecessors' continuous and exclusive use of them in connection with their products and services.

49. Because Audi, Lamborghini, and Volkswagen vehicles and services have gained a reputation for superior quality, durability, and performance, the trade dress of Audi, Lamborghini, and Volkswagen have gained substantial renown.

50. Defendants have willfully and intentionally used and continue to use the trade dress of Audi, Lamborghini, and Volkswagen vehicles, and counterfeits thereof, in connection with the advertisement, promotion, and sale of Defendants' products and services.

51. Defendants' misappropriation of the trade dress of Audi, Lamborghini, and Volkswagen vehicles, and counterfeits thereof, has caused and continues to cause irreparable injury to and dilution of the distinctive quality of the Audi, Lamborghini, and Volkswagen trade dress in violation of Audi's, Lamborghini's, and Volkswagen's rights under 15 U.S.C. § 1125(a). Defendants' wrongful use of the trade dress of Audi, Lamborghini, and Volkswagen Lamborghini vehicles infringes the Audi's Lamborghini's and Volkswagen's trade dress rights.

52. Defendants have used and continue to use the Audi, Lamborghini, and Volkswagen trade dress or counterfeits thereof, willfully and with the intent to dilute the trade dress, and with the intent to trade on the reputation and good will of Audi, Lamborghini, and Volkswagen and of their trade dress.

53. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable trade dress rights.

54. Unless Defendants are enjoined, the valuable trade dress of Audi, Lamborghini, and Volkswagen vehicles will continue to be irreparably harmed and diluted. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

55. Defendants have used and continue to use the trade dress of Audi, Lamborghini, and Volkswagen vehicles, or counterfeits thereof, willfully and with the intent to infringe and dilute the trade dress, and with the intent to trade on the reputation and goodwill of Audi, Lamborghini, and Volkswagen and of their trade dress. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 111(a).

56. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing use of the Lamborghini Marks and trade dress pursuant to 15 U.S.C. § 1117

**FOURTH CLAIM FOR RELIEF**
(TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))

57. Plaintiffs reallege and incorporate herein the allegations above.

58. The Audi, Lamborghini, and Volkswagen Marks have become famous and distinctive worldwide through the Plaintiffs' continuous and exclusive use of them in connection with Plaintiffs' products.

59. Because Plaintiffs' products have gained a reputation for superior quality, durability, and performance, the Audi, Lamborghini, and Volkswagen Marks have gained substantial renown.

60. Defendants have willfully and intentionally used and continue to use the Audi, Lamborghini, and Volkswagen Marks or confusingly similar variations

thereof in connection with the advertisement, promotion, and sale of Defendants' products.

61. Defendants' misappropriation of the Audi, Lamborghini, and Volkswagen Marks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual and/or likelihood of dilution of the Audi, Lamborghini, and Volkswagen Marks' distinctive quality in violation of Plaintiffs' rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the Audi, Lamborghini, and Volkswagen Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi, Lamborghini, and Volkswagen Marks.

62. Defendants have used and continue to use the Audi, Lamborghini, and Volkswagen Marks, and confusingly similar variations thereof, willfully and with the intent to dilute the Audi, Lamborghini, and Volkswagen Marks, and with the intent to trade on Plaintiffs' reputation and the goodwill inherent in the Audi, Lamborghini, and Volkswagen Marks.

63. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered irreparable harm to the Audi, Lamborghini, and Volkswagen Marks.

64. Unless Defendants are enjoined, the Audi, Lamborghini, and Volkswagen Marks will continue to be irreparably harmed and diluted. Plaintiffs

have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' actions are allowed to continue.

65. Defendants have used and continue to use the Audi, Lamborghini, and Volkswagen Marks, or counterfeits thereof, willfully, with the intent to dilute the Audi, Lamborghini, and Volkswagen Marks and trade on Plaintiffs' reputation and goodwill. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

66. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi, Lamborghini, and Volkswagen Marks pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with Defendants, and each of them who receives notice directly or otherwise of such injunctions, from:

(a) imitating, copying, or making unauthorized use of any of the Audi, Lamborghini, and Volkswagen Marks, counterfeits thereof, or any confusingly similar variations thereof;

(b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or any confusingly similar variation of any of the Audi, Lamborghini, and Volkswagen Marks;

(c) using any simulation, reproduction, counterfeit, copy or confusingly similar variation of the Audi, Lamborghini, and Volkswagen Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

(d) using any false designation of origin or false description, including without limitation, any letters or symbols constituting the Audi, Lamborghini, and Volkswagen Marks or performing any act which can or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

(e) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control

bearing a design or mark substantially similar to any or all of the Audi, Lamborghini, and Volkswagen Marks;

(f) engaging in any other activity constituting unfair competition with Plaintiffs with respect to the Audi, Lamborghini, and Volkswagen Marks, or constituting an infringement of any or all of the Audi, Lamborghini, and Volkswagen Marks, or of Plaintiffs' rights in, or to use or exploit, any or all of the Audi, Lamborghini, and Volkswagen Marks; and

(g) instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2. Under all claims for relief, for an order enjoining Defendants from selling, distributing, discarding, giving away or otherwise disposing of Defendants' goods bearing counterfeits of the Audi, Lamborghini, and Volkswagen Marks, and requiring Defendants to sequester said counterfeit goods, including without limitation, any apparel, accessories or other goods bearing the Audi, Lamborghini, and Volkswagen Marks as described in this Complaint in a separate and safe location at Defendants' place or places of business, as well as all business records related thereto, including any computers or other digital media containing such business records to be made available for Plaintiffs and their representatives to examine, photograph, and/or copy any such goods and information;

3. For an order directing Defendants to deliver to Plaintiffs and their counsel for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi, Lamborghini, and Volkswagen Marks or any confusingly similar variation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

4. For an order directing such other relief as the Court may deem appropriate to prevent consumers and the public in general from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Plaintiffs or related in any way to Plaintiffs' products or services.

5. For an order directing Defendants to file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

6. For an order permitting Plaintiffs, and/or auditors for Plaintiffs, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi, Lamborghini, and Volkswagen Marks, including all revenues and

sales related to Defendants' use of the Audi, Lamborghini, and Volkswagen Marks, as well as Defendants' compliance with orders of this Court.

7. For an award of Plaintiffs' costs and disbursements incurred in this action, including Plaintiffs' reasonable attorneys' fees under 15 U.S.C. § 1117(a).

8. For an order requiring Defendants to file with the Court and provide to Plaintiffs an accounting of all sales and profits realized through Defendants' use of the Audi, Lamborghini, and Volkswagen Marks and any counterfeits thereof.

9. For judgment in an amount equivalent to three times Defendants' profits and reasonable attorneys' fees because of Defendants' intentional, willful and knowing use of counterfeits of the Audi, Lamborghini, and Volkswagen Marks pursuant to 15 U.S.C. § 1117(b).

10. Alternatively, for an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

11. For an award of interest, including pre-judgment interest on the foregoing sums.

12. For an order transferring the domain name *everbright.catalog.to* to Plaintiffs and specifically that the operator of the .to registry, change the registrar of record for *everbright.catalog.to* in the .to registry to Plaintiffs' registrar of

choice, GoDaddy, Inc., and that GoDaddy, Inc. change the registrant of *everbright.catalog.to* to Plaintiffs.

13. For such other and further relief as the Court may deem just and proper.

DATED: October 28, 2026

PCFB LAW

By /s/ GREGORY D. PHILLIPS

Gregory D. Phillips (P80801)
PCFB LAW
50 West Broadway, Suite 300
Salt Lake City, UT 84101
Tel: (801) 935-4933
gdp@pcfblaw.com

*Attorneys for Plaintiffs*